IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH J. CARLISLE, JR., : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 17-0637 |
| : | |
| DAVID SHULKIN, *Secretary of the United* : | |
| *States Department of Veterans Affairs*,[1] : | |
| Defendant. : | |

### MEMORANDUM OPINION

Rufe, J.                                                                                   November 17, 2017

      Plaintiff Kenneth J. Carlisle, Jr., proceeding *pro se*, brings suit against Defendant David Shulkin, Secretary of the Department of Veterans Affairs ("VA"), for actions taken against him during his employment at the VA Regional Office in Philadelphia, Pennsylvania. Defendant moves to dismiss, arguing that the complaint is internally inconsistent for seeking both enforcement and *de novo* review of the final agency decisions of the VA's office of employment discrimination complaint adjudication ("adjudication office"). For reasons that follow, the motion to dismiss will be granted, and the complaint will be dismissed without prejudice.

### I. BACKGROUND

      The complaint alleges the following facts, which are assumed to be true for purposes of the motion to dismiss. Plaintiff is a United States Army veteran who served multiple combat tours in the Gulf War and currently suffers from post-traumatic stress disorder ("PTSD").[2] From March 15, 2009 through July 20, 2011, he worked as a veterans' service representative in the Philadelphia VA Regional Office.[3] He worked exclusively with Gulf War veterans in this

---

[1] Pursuant to Fed. R. Civ. P. 25(d), David Shulkin is substituted as a defendant for former Secretary of the United States Department of Veterans Affairs Robert McDonald.

[2] Compl. at 4.

[3] *Id.* at 24-26.

position, but found that working with these fellow veterans exacerbated his PTSD. On February 11, 2011, he asked the VA to reassign him to a different position as a reasonable accommodation for his PTSD.[4] His supervisor, however, did not honor his request. Instead, she placed him on a performance improvement plan due to his allegedly unacceptable work product.[5] Five months later, the VA terminated his employment.[6]

Thereafter, Plaintiff contacted the equal employment opportunity counselor at the VA, alleging that his supervisor discriminated against him based on his disability (PTSD), age (51), sex (male), and race (Caucasian).[7] The adjudication office conducted multiple investigations. After investigating Plaintiff's claims, it issued two decisions.

On August 12, 2012, the adjudication office issued its first final agency decision, in which it concluded that although the VA had not discriminated against Plaintiff on the basis of age, sex, or race, it had discriminated against him on the basis of his disability by failing to engage in the interactive process and by denying him a reasonable accommodation.[8] The adjudication office concluded Plaintiff should be awarded back pay, compensatory damages, attorney's fees, costs, and other equitable relief, including reinstatement and expungement of the performance improvement plan from his personnel file, but found that the record contained insufficient evidence to determine the amount of damages to which Plaintiff was entitled.[9] Therefore, it conducted a supplemental investigation, and requested that Plaintiff provide information to assist the adjudication office in making this calculation. Plaintiff, however, failed

---

[4] *Id.* at 24.
[5] *Id.* at 25.
[6] *Id.* at 26.
[7] *Id.*
[8] *Id.* at 35, 37-38.
[9] *Id.* at 39-44.

to provide this additional information, so the adjudication office completed the supplemental investigation without his input.

On June 21, 2013, the adjudication office issued a second final agency decision, concluding that Plaintiff should receive $89,737.96 in compensatory damages,[10] $41,860.21 in back pay, and $7,750.45 for his attorney's fees. Although Plaintiff had made an interim claim for $990,000 in front pay, the adjudication office denied this claim, finding that reinstatement or other employment was "not an impossibility."[11]

Plaintiff accepted the monetary relief, but refused reinstatement. Instead, he appealed the adjudication office's final agency decisions to the Equal Employment Opportunity Commission ("EEOC"), challenging the amount of the compensatory damages award and seeking front pay. The EEOC affirmed the final agency decisions and denied Plaintiff's motion for reconsideration.

On August 8, 2016, Plaintiff filed a *pro se* complaint in the United States District Court for the District of Maryland, which was transferred to this Court.[12] Plaintiff raises several issues in the Complaint. First, he appears to challenge the adjudication office's finding on his disability discrimination claim and reiterates that he is entitled to additional compensatory damages and front pay. Second, he appears to allege that the VA failed to comply with the final agency decisions in terms of his reinstatement.[13] Defendant moved to dismiss the complaint.

---

[10] The adjudication office determined Plaintiff was entitled to $85,000 in nonpecuniary, compensatory damages, plus $4,737.96 in pecuniary losses, totaling $89,737.96 in compensatory damages. *Id.* at 157.

[11] *Id.* at 155-56.

[12] *See id.*

[13] In addition, Plaintiff alleges that the VA harassed and retaliated against him by notifying him that his earnings statement had been compromised and advising him to monitor his credit report for any potential identity theft. He also alleges some conduct that refers to whistleblowers.

## II. LEGAL STANDARD

Dismissal for failure to state a claim is appropriate if the complaint fails to allege facts sufficient to establish a plausible entitlement to relief.[14] In evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court "take[s] as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them," but "disregard[s] legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."[15] Instead, to prevent dismissal, a complaint must "set out sufficient factual matter to show that the claim is facially plausible."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

## III. ANALYSIS

As a preliminary matter, it is unclear whether Plaintiff seeks *de novo* review or enforcement of the final agency decisions. In a *de novo* action, "a federal employee unhappy with the administrative decision may bring his or her claims to a district court, under Section 505(a) of the Rehabilitation Act, 29 U.S.C. § 794a(a), and receive the same *de novo* consideration that a private sector employee enjoys in a Title VII action, under 42 U.S.C. § 2000e-16(c)."[18] However, a federal employee may not "seek a *de novo* review of just the remedial award."[19] In an enforcement action, "a federal employee who prevails in an

---

[14] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[15] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

[16] *Fowler*, 578 F.3d at 210 (citation and internal quotation marks omitted).

[17] *Santiago*, 629 F.3d at 128 (citations and internal quotation marks omitted).

[18] *Morris v. Rumsfeld*, 420 F.3d 287, 290 (3d Cir. 2005) (citations omitted).

[19] *Id.* at 293 (quoting *Scott v. Johanns*, 409 F.3d 466, 471-72 (D.C. Cir. 2005)) (italics added).

administrative process may sue in federal court to enforce an administrative decision with which an agency has failed to comply."[20]  "Such an enforcement action does not trigger *de novo* review of the merits of the employee's claims."[21]  A complaint may not seek both enforcement and *de novo* review, as doing so would be inconsistent.[22]

Here, the complaint is internally inconsistent because it seeks *de novo* review of parts of the final agency decisions while seeking enforcement of other parts of the same decisions.[23]  On the one hand, Plaintiff seeks *de novo* review of the adjudication office's decision on his disability discrimination claim, stating that the "first issue" is whether he was denied "a reasonable accommodation due to his mental disability," and thus believes he is entitled to a larger award, including front pay.[24]  On the other hand, Plaintiff seeks enforcement of the final agency decisions, stating that he "was not being offered a proper reinstatement . . . as ordered."[25]  For example, Plaintiff takes issue with the VA's requirement that he complete a medical questionnaire before being reinstated, which was not required when he was initially hired.  He also claims that reinstatement was not properly offered because the VA failed to create an identification badge for him.  In light of these inconsistencies, the Court will dismiss the action without prejudice and afford Plaintiff the opportunity amend the complaint to state whether he seeks to bring a *de novo* action, in which all questions of liability and damages will be determined anew, without reference to the agency decisions, or whether he seeks enforcement of

---

[20] *Morris*, 420 F.3d at 290.

[21] *Id.* (citing *Moore v. Devine*, 780 F.2d 1559, 1563 (11th Cir. 1986); *Haskins v. U.S. Dep't of the Army*, 808 F.2d 1192, 1199 (6th Cir. 1987)).

[22] *See Timmons v. White*, 314 F.3d 1229, 1233 (10th Cir. 2003) ("a plaintiff seeking relief under § 2000e-16(c) is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on the issues resolved in his or her favor").

[23] The fact that the liability and compensatory damages rulings were made in two separate decisions does not change the analysis.  *See Morris*, 420 F.3d at 294.

[24] Compl. at 5.  He also seeks *de novo* review of his discrimination claims based on age, sex, and race.

[25] *Id.* at 7.

the final agency decisions.[26]

## IV.   CONCLUSION

In conclusion, the motion to dismiss will be granted, and the complaint will be dismissed without prejudice.  Plaintiff will be granted leave to file an amended complaint, in accordance with the limitations set forth in this opinion.  An appropriate order follows.

---

[26] Federal Rule of Civil Procedure 15(a) provides that "leave [to amend] shall be freely given when justice so requires."  Although Plaintiff has not requested leave to amend, the Court will afford him the opportunity to do so to clarify whether he is seeking enforcement or *de novo* review of the final agency decisions.

6